*WILLIAM STUMP *v.* J. ROGERS, M. ROGERS, W. ROGERS, [533
AND THE BANK OF CHILLICOTHE.

*Remedy of Security in Equity.*

Security may proceed against principal in equity to have his estate subjected to the payment of the debt, without making payment himself before commencing his suit.

THIS was a bill in chancery, adjourned here from Pickaway county. The facts, material to be reported, were as follows: In the year 1816 the complainant and others indorsed a note for the defendant, W. Rogers, which was discounted by the Bank of Chillicothe. It was not paid, and separate suits were brought, and

separate judgments rendered. Part of the amount was made upon execution against W. Rogers, and part against the other indorsers. Nothing was paid by the complainant upon the judgment against him. The bill was brought to subject certain real estate, charged to have been fraudulently transferred to the defendant, Jonathan Rogers, through the interposition of a court of chancery, but which was justly liable to the payment of the debt as the property of William Rogers. The answers denied the fraud, and the question of fact in relation to it was earnestly litigated.

IRWIN, for the complainant.

SCOTT, for the defendants.

The court decided the question of fraud in favor of the complainant. Whether the complainant could come into a court of equity to charge the principal debtor's estate with the debt, not having acquired at law a right to sue the principal by payment of the money, was a question which arose in the consideration of the cause, and the court held that a security might ask a court of chancery to aid in subjecting the estate of the principal to the payment of the debt, without first advancing or paying the money, as he must do before he could sue an action at law.