Wood, C. J.
The question raised by counsel is, whether a court of equity will entertain jurisdiction in a case like this ? It is insisted, in argument, that the complainant is without remedy in any form, until the actual advance of the money due from his principal. At law, the position is doubtless correct. An action to recover for money paid for another, does not lie, unless payment is made and proved ori the trial, nor can the principal'debtor be made liable at law for subjecting his surety to the-peril of paying his debt, until the injury actually accrues by payment. This is all very true; but there is, nevertheless, a'great variety of circumstances, where equity steps in, for the reason that the law affords no adequate redress, and prevents impending or threatened injury. ■
The surety, however, occupies ground peculiar to his own relation, and’ is favored in both legal and equitable tribunals. Numerous cases are cited by counsel, where principles analogous to those sought io be applied here, have been recognized in equity ; and we think the complainant is within the authority of such adjudications. Indeed, in 1 Ohio Rep. 533, the pre *403 cise question now raised received the sanction of this Court, and, in our view, the authority of that case should not be shaken.
What are the obligations of the principal debtor to his surety ? Certainly to save him harmless from every injury which may result from such relation; and a promise is implied to this effect, as valid as if made in express terms, between the parties; 5 Cowen Rep. 596. There is no adequate remedy at law, when the principal debtor is insolvent, by which his effects and credits in the hands of others can be made to be applied for the benefit of the surety. Certainly not, as we have already said, without the surety first pays the debt. And such payment may be attended with great inconvenience ánd severe sacrifices of property; burdens which surely ought not to be imposed, if they can, with-propriety and justice, be avoided. In 6 Yes. 734, it is said, “ that equity will compel the principal to pay the debt, after due, at the instance of the surety.” In 4 Def. 47, “ that it would be hard on sureties, if they were compelled c to wait till judgment against them, or they had paid the debt, ‘ before they could have recourse to their principal, who might { waste his effects before their eyes.” Other cases might be cited to the same import.
If, then, the principal debtor may be forced to pay the debt at the instance of the surety, if would seem to follow, that the property, credits,- or effects of such principal may be' followed into the hands of others. It must not be understood that the judgment creditor can be delayed in his remedy against the. surety. He has his judgment, and may take, out his execution at pleasure; but if he has not collected his money of the surety, and the surety has made it out of the property or credits of the principal, equity will decree its application in discharge of the creditor’s judgment against the surety.
Decree for Complainant.